# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGEL F. MEJÍA<br>1731 Yenisey Street<br>Río Piedras Heights<br>Rio Piedras, Puerto Rico 00926<br>**Plaintiff**<br><br>v.<br><br>DELTA AIRLINES INC.<br>P.O. Box 20706<br>Atlanta, Georgia 30320-6001<br><br>HARTSFIELD-JACKSON ATLANTA<br>INTERNATIONAL AIRPORT<br>6000 North Terminal Parkway Suite 4000<br>Atlanta, GA 30320<br>**Defendants** | Civil Action No.<br><br><br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** plaintiff, ANGEL F. MEJÍA, in the case at bar, through the undersigned attorney and very respectfully STATES, ALLEGES AND PRAYS as follows:

### I. INTRODUCTION

This is a civil rights action in which the plaintiff, Angel F. Mejía, is seeking monetary damages from against Delta Airlines Inc., a company incorporated in the United States of America doing business in various parts of the United States of America including the Commonwealth of Puerto Rico and the Hartsfield- Jackson Atlanta Airport where part of the events leading to this complaint took place.

Last year, Plaintiff was subjected to a series of negligent and discriminatory acts, violating his right, on behalf of Delta Airlines Inc. and the Hartsfield- Jackson Atlanta Airport,

on a flight from San Juan, Puerto Rico to Atlanta, Georgia and right after his landing at said airport.

## II. JURISDICTION AND VENUE

1. This Honorable Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331, 28 U.S.C. 1332, as amended, 42 U.S.C. sec. 1983 as well as the Constitution of the United States of America.

## III. PARTIES

2. Plaintiff is a natural person. Angel F. Mejía is eighty-three (83) years old, married, and resident of San Juan, Puerto Rico, with postal address: 1731 Yenisey St. Rio Piedras Heights, Rio Piedras, Puerto Rico 00926.

3. Delta Airlines Inc. is an international company making business across the United States of America including the Commonwealth of Puerto Rico with postal address: PO Box 20706 Atlanta, Georgia 30320- 6001.

4. Hartsfield- Jackson Atlanta International Airport is one of the world's busiest airports with nearly 90 million passengers annually located in Atlanta Georgia with postal address: 6000 North Terminal Parkway Suite 4000 Atlanta, Georgia 30320.

## IV. FACTS

5. Plaintiff Angel F. Mejía is an eighty three (83) year old veteran of the United States Army that has honorably served in Korea and Vietnam. In the year 1972, he was honorably discharged and given one hundred percent (100%) disability compensation benefits due to service connected disabilities.

6. Currently he is a member of the Delta Sky miles Program and his membership number is 9103562386.

7. He owns property at San Juan, Puerto Rico where he lives with his wife of more than fifty (57) years. He also owns a property in Charleston, South Carolina to which he travels a few times each year to see his grandchildren who also live in South Carolina.

8. He flies mostly with Delta Airlines with the usual stop at Atlanta, Georgia, specifically at the Hartsfield- Jackson Atlanta International Airport.

9. On May 1, 2011, Olga Mejía, Plaintiff's daughter, purchased for the plaintiff, an electronic e-ticket from the cheaptickets.com website for $666.32 USD to fly on 15 June of 2011 from San Juan, Puerto Rico to Charleston, South Carolina stopping at Atlanta, Georgia with Delta Airlines.

10. Mr. Mejía suffers a wide range of health problems including circulatory and cardiac issues that combined with other health complications require him to walk with a cane and needs the assistance of a wheelchair for longer walks.

11. On June 15, 2011, Mr. Mejía boarded flight DL428 to Atlanta, Georgia. He was assigned seat 21D an alley seat as he requested to stretch his right leg because, due to his health problems, it was cramping and he had spasms. Only that the assigned seat only left him space to stretch his left leg not his right.

12. Notwithstanding the pain his leg was giving him, he decided that as soon as his flight took off he would find a seat that would suit his need to stretch it and relieve his pain. Some time into the flight he did so, to another aisle seat that had no one assigned to it.

13. During the flight, as he already sat in the unassigned seat, a flight attendant approached him and informed him he could not sit there and that he would have to go back to his original seating arrangement.

14. Mr. Mejía respectfully declined stating that he could not switch back because he had health issues that would worsen drastically if he did and he stayed seated there even after the flight attendant came and went to the pilot and they threatened to turn the plane around.

15. Upon arrival at the Hartsfield- Jackson Atlanta International Airport, while still seated in the unassigned seat Mr. Mejía was approached by Airport Security and Delta employees and was ordered to sit on a wheelchair and taken to an isolated corner without an explanation of why he was being detained.

16. There he was held against his will for more than four hours, at which time he was not allowed to move from his seat to go to the bathroom. He was harassed and subjected to humiliating circumstances.

17. This conduct on behalf of the authorities caused Mr. Mejía to lose his scheduled flight to his destination and worse, because of his unlawful detention, he had to relieve himself at that moment on his person.

18. About four (4) hours later, for his troubles, he was given a meal voucher and booked on a later flight to his destination, which was canceled due to weather issues. As a result, Mr. Mejía had to stay the night at the airport sleeping on the floor worsening his heath issues, because he could not get a hotel room due to the late hour.

19. Not until the next day on about noon was he able to catch a plane to his destination ending his ordeal.

20. As a direct result of the actions perpetrated by Delta Airlines Inc., employees and the employees if the Hartsfield- Jackson Atlanta International Airport, Mr. Mejía has suffered increased symptoms of anxiety and depression and trouble sleeping and suffers from nightmares related to the incident. For this he has had to visit a couple of doctors and is currently under medication.

## V. CAUSES OF ACTION

21. All preceding paragraphs are incorporated by reference herein and made part of this paragraph.

22. The acts created by the Delta Airlines and the Hartsfield- Jackson Atlanta International Airport constitute a violation of the Air Carrier Access Act (ACAA) *49 U.S.C. § 41705*. It prohibits discrimination by air carriers against "otherwise qualified individual[s]" on the basis on disability Said Act is implemented by the U.S. Department of Transportation (DOT) *14 CFR Part 382*.

23. The Delta Airlines Corp. and the Hartsfield- Jackson Atlanta International Airport are responsible for the acts committed by its employees, according with Article 1802 of the Civil Code of Puerto Rico, Section 5141 of title 31 of the Laws of Puerto Rico Annotated (L.P.R.A.).

24. Defendant's actions encroached and violated Plaintiff's Angel F. Mejía constitutional rights to a due process under the Fourteenth Amendment of the U.S. Constitution.

25. Plaintiff was subject of discriminatory treatment by Defendants by detaining him for prolonged periods of time without concern of his age or disabilities.

26. The Defendants discriminatory actions have caused emotion and economical damages to Plaintiff.

## V. PETITION FOR RELIEF

27. Plaintiff requests a trial by jury in accordance to the provisions of the Constitution of the United States.

28. Plaintiff prays this Honorable Court to issue a Declaratory Judgment holding that defendant incurred in discriminatory acts against Plaintiff.

29. Plaintiff prays this Honorable Court to grant damages for mental anguish, severe emotional distress as a direct consequence of defendant's actions. Such damages are estimated in an amount not less than $350,000.00.

30. Defendant actions, as alleged above, were intentional and demonstrated a willful, wanton and/or reckless indifference to the rights of the Plaintiff, such punitive damages should be assessed against all defendants herein in an amount estimated to be no less than $500,000.00.

31. Plaintiff respectfully request that this Honorable Court declare the actions of Defendants herein to be in violation of Air Carrier Access Act and Puerto Rico law, based upon Plaintiff's discrimination.

32. That the costs of this action, including reasonable attorney's fees, be taxed against Defendants.

**WHEREFORE**, it is respectfully requested from this Honorable Court to enter judgment on behalf of Plaintiff Angel F. Mejía and to order Defendants to compensate Plaintiff with mental anguish and economical damages for $350,000.00, punitive damages in an amount estimated to be no less than $500,000.00, plus cost and attorneys fees, with such further relief the Court deems just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 27th day of April 2012.

NOGUERAS LAW & ASSOCIATES
PO Box 195386, San Juan, PR 00919-5386
Tel: (787) 296-1958  Fax: (787) 772-4605
e-mail: nnogueras@nogueraslaw.com


s/Nicolás Nogueras-Cartagena
USDC-PR No: 109,712